FREDERICK DEDO, Respondent, *v.* JAMES F. WHITE, ADMINIS-
TRATOR OF RUSSELL B. FISHER, Appellant.

1. *Practice, civil — Verdict — Instructions — Appeal.*—When, on appeal, it
appears that instructions were given and a verdict was rendered without any
evidence on which to base either, the cause will be reversed and remanded.

*Appeal from Bates Circuit Court.*

*H. B. Johnson* and *Jas. S. Botsford*, for respondent.

*F. P. Wright*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding originally commenced in the County
Court, where the plaintiff filed a demand against the estate of
Russell B. Fisher, deceased, for the sum of $610, being the value
of two mares, two mules and one colt, the property of plaintiff,
which, it is alleged, the deceased participated in taking and con-
verting during his lifetime. The County Court rejected the
demand, and an appeal was taken to the Circuit Court, where a
jury awarded the plaintiff a verdict for $500, upon which judg-
ment was entered and an appeal was granted to this court. Upon
the trial, against the objection of the defendant, the plaintiff
proved by one witness that he was taken prisoner in Kansas in
September, 1862, by a gang of nine armed men ; that the party
divided, and while part of them kept him, the others went and
took some stock from the plaintiff, and that there was one of the
Fisher boys with the party ; but that Russell B. Fisher was not
with the men who took him prisoner, nor with the men who took
the plaintiff's stock.

The next witness stated that he was taken prisoner in Kansas
by a band of men, and that three of the Fishers were along, but
that Russell B. Fisher was not with them ; that the next day
after he was taken prisoner the band had in their possession two
mares, two mules and one colt, which had belonged to the plain-
tiff, but that he did not know who took them. The witness
further stated that he was taken by the men to West Point, in

16—VOL. L.

Bates county in this State, and while stopping there only a minute Russell B. Fisher appeared among others, " a scare was got up," and a mule was pointed out to him (Russell B. Fisher) by the band of men, which they told him they had got in Kansas. The mule pointed out belonged to plaintiff, but they did not say so, and he (Fisher) told them they had better take care of themselves. This was all the evidence in the case. There was no attempt to prove the value of the animals or the amount of damages.

The court, at the instance of the plaintiff, then instructed the jury that if they believed from the evidence that Russell B. Fisher commanded, or was at the time and immediately after the time commander of the men who took said property, and converted the same to his own use, they should find for the plaintiff the value of the property so taken ; and that, although the jury might find from the evidence that Russell B. Fisher was not present at the actual taking of the property, yet if they believed that the property was taken by and retained in his command, by and with his consent afterwards, they should find for the plaintiff. It is obvious that there was no testimony to justify the giving of these instructions. Throughout they assume facts which were not proved. There is no evidence that Russell B. Fisher was the commander of the men or had any connection with them, and the jury are told to find for the value of the property when no evidence of value was given. There is nothing to show that he ever converted the property or ever assented in any manner to its taking, or approved of the act after it was taken. The remark that the men had better take care of themselves, taken by itself — and that is all there is to connect him with them — is utterly insufficient to go to the jury to show that he was a participator, or had anything to do with the trespass, either at the time or afterwards.

The judgment must be reversed and the cause remanded. The other judges concur.